IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DENISE MICHELLE BROOKS | ) |
| | ) |
| v. | ) No. 1:21-0039 |
| | ) |
| KILOLO KIJAKAZI | ) |
|     Commissioner of | ) |
|     Social Security | ) |

**To:** The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 17), to which Defendant has filed a response. (Docket No. 20.) Plaintiff has also filed a subsequent reply to Defendant's response. (Docket No. 21.) This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a report and recommendation. (Docket No. 5.)

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (Docket No. 17) be **DENIED**.

# I. INTRODUCTION

Plaintiff initially filed an application for DIB on February 10, 2011, which was denied initially and upon reconsideration. (*See* Transcript of the Administrative Record (Docket No. 12) at 15.)[1] On August 7, 2012, Plaintiff appeared before an administrative law judge ("ALJ"), who determined that although Plaintiff suffered from severe impairments — including osteoarthritis and degenerative joint disease of the bilateral knees, status-post arthroscopy of both knees, and morbid obesity — Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), so long as she was additionally restricted to "performing postural occasionally," avoiding any climbing or crawling, and avoiding temperature extremes and concentrated exposure to noise. (AR 29, 72, 74-75.) Because this RFC did not prevent Plaintiff from performing jobs that existed in significant numbers in the national economy, the ALJ concluded that Plaintiff was not under a disability. (AR 67-69, 78-79.) The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision. (AR 85-88.)

On March 6, 2019, Plaintiff filed a new application for disability benefits in which she asserted that, as of the alleged onset date of June 22, 2011, she was unable to work due to degenerative disc disease, degenerative joint disease, bilateral knee pain, hypothyroidism, anxiety, and depression. (AR 97, 113.) This application was denied initially and upon reconsideration. (AR 97, 106.) On April 9, 2020, Plaintiff appeared for another administrative hearing, this one before ALJ Elizabeth P. Neuhoff. (AR 41.) ALJ Neuhoff denied the claim on April 20, 2020. (AR 12-14.) On April 1, 2021, the Appeals Council denied Plaintiff's request for review of the unfavorable

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

ALJ decision (AR 1-4), thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed the instant action, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act December 31, 2014.

2. The claimant did not in substantial gainful activity during the period from her alleged onset date of September 15, 2012,[2] through her date last insured of December 31, 2014 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: mild age related degenerative changes to the lumbar spine and obesity (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently; she is able to sit, stand, and walk for 6 hours total each; she can never climb ladders, ropes, or scaffolds; and she is able to frequently perform all other postural activities.

6. Through the date last insured, the claimant was capable of performing past relevant work as a photo finishing lab worker. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 15, 2012, the alleged onset date, through December 31, 2014, the date last insured (20 CFR 404.1520(f)).

(AR 18-24.)

---

[2] Plaintiff amended her alleged onset date to September 15, 2012, during the administrative hearing. (AR 15, 45.)

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

### IV. DISCUSSION AND CONCLUSIONS OF LAW

**A. Standard of Review**

The determination of disability under the Social Security Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 551 (6th Cir. 2020) (internal citations omitted). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Put another way, the ALJ's decision must be affirmed if the "findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision." *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, she is not disabled. *Id.*

Second, the claimant is not disabled if she does not have a severe medically determinable impairment that meets the 12-month durational requirements. *Id.* Third, the claimant is presumed disabled if she suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* Fourth, the claimant is not disabled if, based on her RFC, she can perform past relevant work. *Id.* Fifth, if the claimant can adjust to other work based on her RFC, age, education, and work experience, she is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the Commissioner at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 843 (M.D. Tenn. 2019) (citing *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991)). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (citing *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

**B. The ALJ's Five-Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved Plaintiff's claim at step four of the five-step process. The ALJ found that Plaintiff met the first two steps but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was able to perform past relevant work and thus not subject to a disability that would entitle her to benefits. (AR 18-24.)

### C. Plaintiff's Assertion of Error

Plaintiff sets forth one assertion: that the ALJ failed to adequately consider opinion evidence provided by a physical therapist in formulating the RFC. (Docket No. 17-1 at 10-18.) Based on this alleged error, Plaintiff requests that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for additional consideration. (*Id*. at 18.)

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Hudson-Kane v. Berryhill*, 247 F. Supp. 3d 908, 914 (M.D. Tenn. 2017) (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)). However, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Holtman v. Saul*, 441 F. Supp. 3d 586, 609 (M.D. Tenn. 2020) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). The Court now turns to Plaintiff's assertion of error.

### 1. Physical Therapist's Opinion.

Plaintiff asserts that the ALJ violated 20 C.F.R. § 404.1520c by finding that the opinion provided by a non-treating physical therapist, Mark Fink — who concluded that although Plaintiff was able to perform light exertional work, she was "incapable of sustaining [a] light level of work

6

for an 8-hour day/40-hour week" — was unpersuasive. (AR 22, 425-26.)[3] Pursuant to this regulation, the ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)" but must consider the "persuasiveness" of the subject opinion based on five categories that include supportability, consistency, the provider's relationship with the claimant, the provider's specialization, and other factors such as familiarity with the disability program's policies and evidentiary requirements. *Id.* § 404.1520c(a)-(c). The two most important factors in the ALJ's evaluation are supportability and consistency. *Id.* § 404.1520c(a).

The Court notes initially that the relevant time period for Plaintiff's DIB claim ranges from the amended alleged onset date of September 15, 2012, to December 31, 2014, the date last insured, which represents the final date on which a claimant retains insured status for purposes of a DIB claim. The claimant seeking benefits "bears the burden of establishing that a disability began before [her] disability insurance expired." *See Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390 (6th Cir. 2015) ("Claimant bears the burden of establishing that a disability began before his disability insurance expired.").

Mr. Fink's opinion was completed on June 4, 2013, and therefore falls within the relevant time period. As noted, Mr. Fink concluded that Plaintiff could perform work "within the light range" but opined that Plaintiff would not be able to do so for the duration of a 40-hour workweek. (AR 426.) The ALJ rejected this opinion for the following reasons:

---

[3] Plaintiff claims that the ALJ additionally violated Acquiescence Ruling 98-4(6) and "Sixth Circuit precedent regarding prior applications" for disability benefits, but she does not identify any actual error or offer any argument in support of the contention, then proceeds to admit that any error in this regard would be harmless. (Docket No. 17-1 at 11-12.) The Court therefore disregards this cursory suggestion of error. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x 540, 543 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citing *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010)).

7

> Mr. Fink based [his] opinion on the claimant's subjective reports and his one time examination of the claimant. However, this opinion is unpersuasive because the claimant's performance during this exam was inconsistent with the objective record recorded in Knoxville Orthopedic (Exhibit B5F). Moreover, the claimant was demonstrating nearly 20% self-limiting during the exercise observed by Mr. Fink. Additionally, Mr. Fink's restrictions are inconsistent with the claimant's admitted daily activities, which include caring for grandchildren, mopping, doing laundry, driving, preparing meals, mowing the lawn, and shopping in stores for groceries.

(AR 22.) Plaintiff claims that this analysis represents reversible error in three ways. First, Plaintiff argues that the "20% self-limiting" reference improperly suggests that she was exaggerating the severity of her symptoms during the examination. Second, Plaintiff accuses the ALJ of mischaracterizing records from providers at Knoxville Orthopedic that, according to her, support Mr. Fink's findings. Finally, Plaintiff submits that the ALJ's reliance on her daily activities was inappropriate because such activities do not demonstrate the ability to perform the required duties of a job for an entire work week.

The Court begins its analysis with an issue not broached in either party's briefing, which is the degree of scrutiny the ALJ was required to apply to an opinion provided by a physical therapist. The new regulations — which apply to claims filed after March 27, 2017, such as the instant one — indicate that an ALJ is not required to articulate how she "considered the evidence from nonmedical sources" according to the factors listed above, 20 C.F.R. § 404.1520c(d), and courts in this circuit reviewing applications subject to the new regulations have found that a physical therapist represents a nonmedical source. *See, e.g., Davis v. Kijakazi*, No. CV 21-159-DLB, 2022 WL 2284817, at *3 n.2 (E.D. Ky. June 23, 2022) ("An ALJ is not required to give a physical therapist's opinion any particular weight because a physical therapist is not recognized as an acceptable medical source.") (citing *Amburgey v. Comm'r Soc. Sec.*, 751 F. App'x 851, 868 (6th Cir. 2018)) (cleaned up); *Michelle A. v. Comm'r of Soc. Sec.*, No. 1:20-cv-700, 2022 WL 908859, at *6 (S.D. Ohio Mar. 29, 2022) (noting that physical therapists are not acceptable medical

sources); *Kulp v. Comm'r of Soc. Sec*, No. 2:20-cv-6188, 2021 WL 4895342, at *14 n.8 (S.D. Ohio Oct. 20, 2021) (same). However, the ruling that previously explained how the Commissioner considered evidence from nonmedical sources, Social Security Ruling 06-03p, was rescinded as part of the new regulatory scheme, and it is not entirely clear what form any review of a physical therapist's opinion should now take. *See Giddings v. Comm'r of Soc. Sec.*, No. 5:21-cv-00217-DAR, 2022 WL 2612040, at *11 (N.D. Ohio May 13, 2022) ("The revised regulations leave a void regarding how an ALJ is to articulate his consideration of an opinion from a nonmedical source or one who is not considered an acceptable medical source.").

Regardless, even accepting that Mr. Fink's report is a "medical opinion" subject to analysis under the factors included in 20 C.F.R. § 404.1520c, the Court finds nothing that rises to the level of reversible error in the ALJ's analysis. The Court agrees with Plaintiff that the ALJ's reference to "20% self-limiting" is at best underdeveloped given Mr. Fink's conclusion that Plaintiff self-limited on just 11% of the 19 overall movements measured, a percentage that is defined in the report as "within normal limits." (AR 431.) While it is true that Mr. Fink was unable to establish a maximum ability in the areas of "waist to eye level lift" and "work arms over head – standing" due to Plaintiff's self-limiting behavior (AR 426) — which would appropriately factor into any decision regarding the extent of a claimant's exertional limitations[4] — the ALJ's unfocused statement that "the claimant was demonstrating nearly 20% self-limiting during the exercise observed by Mr. Fink" (AR 22) provides no meaningful basis on which to discount the opinion.

Nevertheless, the ALJ appropriately and accurately discussed records from Knoxville Orthopedic, where Plaintiff, in the midst of her initial application for disability, sought treatment

---

[4] Exertional limitations include sitting, standing, walking, lifting, carrying, pushing, and pulling. 20 C.F.R. § 404.1569a(b).

9

with an orthopedic specialist at the advice of her attorney. (AR 388, 390, 423.) Imaging of Plaintiff's lumbar spine from October 2012 revealed "mild age appropriate age related changes of the lumbar spine," with "no significant disc bulge, herniation or mass effect on the exiting nerve roots." (AR 401-02.) After reviewing x-rays of Plaintiff's lumbar spine that showed segment hypermobility at the L4-5 level without any significant narrowing of the disc spaces, the treating orthopedic surgeon listed her primary diagnosis as "lumbar pain syndrome" before noting that no additional treatment was recommended for the condition. (AR 388-89.) The ALJ discussed these mild findings in the administrative opinion (AR 20), and they support the ALJ's rejection of Mr. Fink's opinion regarding Plaintiff's ability to perform light work for a full work week. *See Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 640 (6th Cir. 2016) (holding that "mild degenerative spinal changes" do not support a finding of disability); *see also Donegan v. Sec'y of Health & Hum. Servs.*, 1 F.3d 1240 (table), 1993 WL 291301, at *6 (6th Cir. Aug. 2, 1993) (citing cases where "mildly degenerative" conditions are described as "not necessarily so severe a condition as to reasonably be expected to produce disabling pain").

Additionally, the ALJ emphasized the limited nature of Plaintiff's treatment during the relevant time period, which consisted of just two office visits over a span of more than two years. (AR 20-21, 388, 390.)[5] As discussed, these visits were apparently scheduled only as part of Plaintiff's disability application, and the treating orthopedist did not recommend that Plaintiff undergo any ongoing treatment for her back condition, which supports the ALJ's determination that Plaintiff does not suffer from any impairments that would preclude work at a light exertional

---

[5] The ALJ actually credits Plaintiff with four visits during this timeframe, although one of these encounters consisted of an MRI scheduled on October 10, 2012 (AR 401), while another was the examination performed by Mr. Fink currently at issue, which was undertaken only "to determine the safe physical capabilities of the client as they relate to her ability to work." (AR 425.)

level. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 473 (6th Cir. 2014) (noting that disabling pain associated with a back condition normally yields severe back abnormalities, recommendations for more aggressive treatment, and "doctor-recommended functional limitations"); *see also Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 725 (6th Cir. 2013) (holding that RFC allowing for full range of light work "is supported by the evidence in the record that [the claimant's] treatment was minimal and conservative during the period at question"). The ALJ also noted that when further treatment for Plaintiff's physical symptoms was eventually recommended, it consisted "primarily [of] medication, injection therapy, and physical therapy" (AR 21, 395), which similarly bolsters the ALJ's determination. *See Blaim v. Comm'r of Soc. Sec.,* 595 F. App'x 496, 499 (6th Cir. 2014) ("Even the mildness of [the claimant's] treatment — mostly pain medication, weight loss, and exercise — suggested that his ailments were comparatively mild.").

The Court likewise finds that the ALJ appropriately assessed Plaintiff's activities of daily living in considering Mr. Fink's evaluation. It is clearly proper for an ALJ to consider the extent of a claimant's daily activities when the existence of disabling pain has been alleged. *See Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 174 (6th Cir. 2016) (noting "it is entirely appropriate" to consider daily activities "in determining whether her claims about pain and other limitations are credible"). Here, Plaintiff testified that, during the relevant time period, she was able to do chores, grocery shop, drive, and garden, albeit while experiencing some amount of pain. (AR 52-56, 234-35.) True enough, the ALJ did not describe in great detail the qualifiers Plaintiff attached to this testimony — which consisted mostly of Plaintiff's claim that she experienced an unspecified amount of pain and "stress on [her] lower back" when doing household chores (AR 54-56) — but the ALJ did not ignore them either. Indeed, the ALJ highlighted Plaintiff's allegations that she could not "perform household responsibilities or participate in social activities as she did in the

11

past," which were ultimately found to be incompatible with findings derived from physical examinations and imaging studies. (AR 20.) The Court finds no error in the ALJ's discussion of Plaintiff's daily activities.

Plaintiff cites the Sixth Circuit's decision in *Cole v. Astrue,* 661 F.3d 931 (6th Cir. 2011) to argue that the ALJ's reliance on such activities was "misplaced." (Docket No. 17-1 at 15.) But that decision, in which an ALJ failed to assign a specific weight to a treating physician's opinion, then improperly ignored evidence that the subject claimant's daily activities — which formed the only basis for the ALJ's rejection of the treating physician's opinion — had decreased significantly between a prior and subsequent administrative decision, *Cole,* 661 F.3d at 938, is simply inapposite to the current case. And Plaintiff's passing suggestion that the formulated RFC is flawed because no physician in the record specifically opined that Plaintiff could perform light work (Docket No. 17-1 at 17) is contrary to relevant precedent. *See Sparrow v. Comm'r of Soc. Sec.*, No. 15-cv-11397, 2016 WL 1658305, at *7 (E.D. Mich. Mar. 30, 2016), *report and recommendation adopted,* No. 15-11397, 2016 WL 1640416 (E.D. Mich. Apr. 26, 2016) ("[T]he ALJ may find that the claimant can perform light work even where no doctor corroborates that assessment.") (citing *Rudd*, 531 F. App'x at 728)). This Court has previously questioned an ALJ's decision to assign an RFC pertaining to *mental* functionality without the benefit of a medical opinion, *see Johnson v. Saul*, No. 1:18-cv-0041, 2019 WL 3647058, at *5 (M.D. Tenn. July 19, 2019), *report and recommendation adopted*, 2019 WL 3574250 (M.D. Tenn. Aug. 6, 2019), but it is generally the role of the ALJ, not a one-time examining therapist, to determine an individual's ability to perform work despite her alleged impairments. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009) ("Although physicians opine on a claimant's residual functional capacity to work,

ultimate responsibility for capacity-to-work determinations belongs to the Commissioner."). Plaintiff's argument is unavailing.

To the extent the findings of a physical therapist who examines a claimant on one occasion are subject to the same analysis applied to the review of an opinion from a medical source, the Court finds that the ALJ sufficiently fulfilled her duty to perform such analysis. The ALJ highlighted the lack of objective findings to support Mr. Fink's conclusion that Plaintiff was unable to perform light work on a sustained basis, with reference to normal imaging studies and mild clinical findings. Such findings go to both the supportability and consistency of the opinion. *See* 20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ also emphasized that Mr. Fink, a physical therapist, based his opinion on Plaintiff's subjective complaints and a single visit with her, which appropriately addresses both the "relationship with the claimant" and "specialization" factors included in the regulation. *See id*. § 404.1520c(3)-(4). This represents adequate consideration of Mr. Fink's report. Accordingly, the Court finds that substantial evidence supports the ALJ's decision.

## V. RECOMMENDATION

Based on the foregoing analysis, it is respectfully RECOMMENDED that Plaintiff's motion for judgment on the administrative record (Docket No. 17) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge