IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **DENISE MICHELLE BROOKS,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:21-cv-00039 |
| **KILOLO KIJAKAZI,** | ) | **JUDGE CAMPBELL** |
| *Acting Commissioner of Social Security* | ) ) | **MAGISTRATE JUDGE HOLMES** |
| Defendant. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 22), which was filed on August 11, 2022. Through the Report and Recommendation, the Magistrate Judge recommends that Plaintiff's Motion for Judgment Based on the Administrative Record (Doc. No. 17) be denied and the Social Security Administration's decision be affirmed. Plaintiff has filed objections to the Report and Recommendation (Doc. No. 23), to which Defendant has filed a response (Doc. No. 24). For the reasons discussed below, the Report and Recommendation is adopted and approved.

### I.  STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting

the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

Plaintiff's objections concern the following portion of the Report and Recommendation:

> The Court begins its analysis with an issue not broached in either party's briefing, which is the degree of scrutiny the ALJ was required to apply to an opinion provided by a physical therapist. The new regulations — which apply to claims filed after March 27, 2017, such as the instant one — indicate that an ALJ is not required to articulate how she "considered the evidence from nonmedical sources" according to the factors listed above, 20 C.F.R. § 404.1520c(d), and courts in this circuit reviewing applications subject to the new regulations have found that a physical therapist represents a nonmedical source. *See, e.g., Davis v. Kijakazi*, No. CV 21-159- DLB, 2022 WL 2284817, at *3 n.2 (E.D. Ky. June 23, 2022) ("An ALJ is not required to give a physical therapist's opinion any particular weight because a physical therapist is not recognized as an acceptable medical source.") (citing *Amburgey v. Comm'r Soc. Sec.*, 751 F. App'x 851, 868 (6th Cir. 2018)) (cleaned up); *Michelle A. v. Comm'r of Soc. Sec.*, No. 1:20-cv-700, 2022 WL 908859, at *6 (S.D. Ohio Mar. 29, 2022) (noting that physical therapists are not acceptable medical sources); *Kulp v. Comm'r of Soc. Sec*, No. 2:20-cv-6188, 2021 WL 4895342, at *14 n.8 (S.D. Ohio Oct. 20, 2021) (same). However, the ruling that previously explained how the Commissioner considered evidence from nonmedical sources, Social Security Ruling 06-03p, was rescinded as part of the new regulatory scheme, and it is not entirely clear what form any review of a physical therapist's opinion should now take. *See Giddings v. Comm'r of Soc. Sec.*, No. 5:21-cv-00217-DAR, 2022 WL 2612040, at *11 (N.D. Ohio May 13, 2022) ("The revised regulations leave a void regarding how an ALJ is to articulate his consideration of an opinion from a nonmedical source or one who is not considered an acceptable medical source.").
>
> Regardless, even accepting that Mr. Fink's report is a "medical opinion" subject to analysis under the factors included in 20 C.F.R. § 404.1520c, the Court finds nothing that rises to the level of reversible error in the ALJ's analysis.

(Report and Recommendation, Doc. No. 22 at 8-9). Plaintiff's first objection is to what she characterizes as the Magistrate Judge's "recommended finding that an ALJ is not required to articulate how she considered evidence from a physical therapist[.]" (Doc. No. 23 at 1). However, the Magistrate Judge did not make such a finding. Rather, the Magistrate Judge concluded that "it is not entirely clear what form any review of a physical therapist's opinion should now take." (Doc.

No. 22 at 9). Accordingly, Plaintiff's first objection does not provide a basis to reject to modify the Report and Recommendation.

Plaintiff's second objection is to the Magistrate Judge's finding that nothing in the ALJ's analysis rises to the level of reversible error. (*See* Doc. No. 23 at 4-6). Plaintiff's argument supporting her second objection simply re-states the argument she previously made in her motion for judgment on the administrative record, which the Magistrate Judge already considered. (*Compare* Doc. No. 23 at 5-6 with Doc. No. 17-1 at 16-18). As such, Plaintiff's second objection does not provide a basis to reject or modify the Report and Recommendation. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Plaintiff's second objection is also without merit because it does not identify any error in the Magistrate Judge's analysis. *See Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III. CONCLUSION

Having reviewed the Report and Recommendation and considered Plaintiff's objections, the Court concludes that Plaintiff's objections are without merit, and the Report and Recommendation (Doc. No. 22) should be adopted and approved. Accordingly, Plaintiff's Motion for Judgment Based on the Administrative Record (Doc. No. 17) is **DENIED**, and the decision of the Social Security Administration is **AFFIRMED**.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE